**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NAARON DUNBAR,**

                              **Petitioner,**

    **vs.**                                                                    **9:23-CV-908**
                                                                                            **(MAD/ML)**

**SUPERINTENDENT,** *Upstate Correctional Facility*,

                              **Respondent.**

---

**APPEARANCES:**                                                  **OF COUNSEL:**

**NAARON DUNBAR**
17-B-2243
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Petitioner, *pro se*

**HON. LETITIA JAMES**                          **MICHELLE ELAINE MAEROV, AAG**
New York State Attorney General
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On July 27, 2023, Naaron Dunbar ("Petitioner"), an inmate currently in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS") at Green

Haven Correctional Facility, filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 challenging two 2017 state court convictions.  *See* Dkt. No. 1.

In a Decision and Order dated August 18, 2023, the Court reviewed the petition and

directed Petitioner to file an affirmation explaining why the statute of limitations should not bar

1

his petition. *See* Dkt. No. 6 at 7-8.  Petitioner filed an affirmation on September 15, 2023, providing several reasons why his petition should not be time-barred.  *See* Dkt. No. 7 at 1-6.  In a Report-Recommendation and Order issued on December 31, 2025, Magistrate Judge Miroslav Lovric recommended that the petition be denied and dismissed in its entirety and that no Certificate of Appealability be issued.  *See* Dkt. No. 18 at 15-16.

As explained by Magistrate Judge Lovric, on July 21, 2017, Petitioner was convicted of attempted criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree in Onondaga County Court.  *See id.* at 2.  On May 1, 2020, pursuant to two direct appeals, the New York State Appellate Division, Fourth Department, affirmed both of Petitioner's convictions.  *See People v. Dunbar*, 123 N.Y.S.3d 373, 374 (4th Dep't 2020).  Subsequently, on July 20, 2020, the New York Court of Appeals denied Petitioner's application for leave to appeal.  *See People v. Dunbar*, 151 N.E.3d 541, 541 (2020).[1]  The petitioner was filed on July 27, 2023.  *See* Dkt. No. 1.

For the reasons set forth below, Magistrate Judge Lovric correctly concluded that the petition was filed well outside the one-year statute of limitations established under 28 U.S.C. § 2244(d)(1), that Petitioner is not entitled to statutory or equitable tolling, and that Petitioner has not met the high burden of demonstrating actual innocence in order for an equitable exception to apply.  *See* Dkt. No. 18 at 5-15 (citing 28 U.S.C. § 2244(d)(1)).

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The

---

[1] For a complete recitation of the factual and procedural background, the parties are referred to Magistrate Judge Lovric's Report-Recommendation and Order.  *See* Dkt. No. 18 at 1-5.

Second Circuit has held that for an objection to be proper, it must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp.*, 158 F.4th 349, 359 (2d Cir. 2025). When a party declines to file objections to a magistrate judge's report and recommendation, or "fails to properly object," the district court reviews the recommendations for clear error. *Id.*; *see Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the [C]ourt may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court must view the submissions of *pro se* litigants under a "more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that a court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

On February 2, 2026, Petitioner filed a letter requesting an extension of time to file objections to the Report-Recommendation and Order. *See* Dkt. No. 19. Objections were originally due on January 14, 2026, *see* Dkt. No. 18, but the Court granted Petitioner's request and required objections to be filed by February 20, 2026, *see* Dkt. No. 20. Despite the Court granting Petitioner's request for additional time to file objections, no objections have been filed. Because neither party has filed objections, the Court reviews Magistrate Judge Lovric's recommendations for clear error. *See Nambiar*, 158 F.4th at 359 (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 amendment). For the reasons set forth below, the Court finds no clear error.

## I. ANALYSIS

As Magistrate Judge Lovric correctly observed, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitations for incarcerated individuals to seek federal review of their state court criminal convictions. *See* Dkt. No. 18 at 5 (citing 28 U.S.C. § 2244(d)(1)). Generally, this one-year period accrues on "the date on which the conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review." *McKinney v. Miller*, No. 9:24-CV-976, 2024 WL 4120420, *2 (N.D.N.Y. Sep. 9, 2024) (citing 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 147-50 & n.9 (2012)). There are three exceptions to this general rule set forth in 28 U.S.C. § 2244(d)(1). However, as outlined below, none of those alternatives moves the accrual date in Petitioner's case.

Here, the Fourth Department affirmed Petitioner's convictions upon separate direct appeals. *See* Dkt. No. 18 at 2; *People v. Dunbar*, 183 A.D.3d. 1263, 1264 (4th Dep't 2020); *People v. Dunbar*, 183 A.D.3d. 1265, 1265 (4th Dep't 2020). Because Petitioner unsuccessfully sought leave to appeal to the New York Court of Appeals on July 20, 2020, and did not thereafter seek to petition the United States Supreme Court for a writ of certiorari, Petitioner's conviction became "final" for purposes of the AEDPA on December 17, 2020, 150 days after the New York Court of Appeals denied Petitioner leave to appeal on July 20, 2020. *See* Dkt. No. 18 at 2 & n.3; *Chettana v. Racette*, No. 9:15-CV-28, 2016 WL 447716, *4 (N.D.N.Y. Feb. 4, 2016).[2] As noted in Respondent's limited answer on the issue of timeliness, Petitioner filed the current petition in July of 2023, over one and a half years after his conviction became final. *See* Dkt. No. 9 at 3. As

---

[2] As noted by Magistrate Judge Lovric, on May 19, 2020, in light of the COVID-19 pandemic, the Supreme Court extended the deadline to file a petition for writ of certiorari from 90 days to 150 days from the lower court judgment. *See* Miscellaneous Order of March 19, 2020, 589 U.S. (2020).

concluded by Magistrate Judge Lovric, unless a toll or exception to the statute of limitations is applicable, Petitioner had only one year from December 17, 2020, to file his petition.  *See* Dkt. No. 18 at 6.  The Court addresses each of Petitioner's proffered justifications in the order presented by Magistrate Judge Lovric.

**A.      Statutory Tolling**

The statutory tolling provision under the AEDPA is available if "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *McKinney*, 2024 WL 4120420, at *3 (first quoting 28 U.S.C. § 2244(d)(2); and then quoting *Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009)).  Moreover, "[§] 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

As Magistrate Judge Lovric stated, Petitioner has not provided the Court with any information pertaining to "State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), but merely "lists a federal civil rights action," Dkt. No. 18 at 6-7.  In *Duncan v. Walker*, the United States Supreme Court clarified that "the word 'State' applies to the entire phrase 'post-conviction or other collateral review.'"  *Duncan v. Walker*, 533 U.S. 167, 172 (2001).  Likewise, the Northern District has specifically held that *Duncan* "eviscerates [the] position" that § 1983 civil rights actions in any way fall under the ambit of § 2244(d)(2).  *Ayuso v. Rock*, No. 9:08-CV-1360, 2010 WL 3001426, *1 (N.D.N.Y. July 28, 2010) (citing *Duncan*, 533 U.S. at 172-73).

Because it appears that Petitioner has not "filed any state post-conviction motions as [it] relates to the two judgments at issue," Dkt. No. 18 at 7, Magistrate Judge Lovric correctly concluded that statutory tolling does not render the petition timely, *see* 28 U.S.C. § 2244(d).

**B.    Equitable Tolling**

Magistrate Judge Lovric next addressed the question of equitable tolling. *See* Dkt. No. 18 at 7. The AEDPA's one-year limitations period is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted only if Petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Indeed, a party seeking equitable tolling must act "with reasonable diligence throughout the period [it] sought to toll." *Sides v. Paolano*, No. 20-3241, 2021 WL 4256864, *2 (2d Cir. Sep. 20, 2021) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). However, "[t]he word 'prevent' requires [a] petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Id.*

### 1. Misconduct of Prison Officials

Here, Magistrate Judge Lovric acknowledged Petitioner's allegations that prison officials have subjected him to physical abuse, have "purposely lost his belongings and paperwork," and "have written him up for false disciplinary charges." Dkt. No. 18 at 8; *see* Dkt. No. 7 at 2-3. Yet, as Magistrate Judge Lovric concluded, Petitioner fails to substantiate his conclusory statements, explain how the circumstances prevented the timely filing of the petition, or allege that he pursued his rights with reasonable diligence during the period that he seeks to be tolled. *See* Dkt. No. 18 at 8-10.

The Second Circuit has stated that preventing "a petitioner from filing before the ordinary limitations period expires" can constitute extraordinary circumstances to support a court tolling the statute of limitations. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). However, the alleged extraordinary circumstances "must be supported with evidence and not merely with conclusory allegations." *Ghee v. McAuliffe*, No. 9:23-CV-505, 2024 WL 1558480, *3 (N.D.N.Y. Apr. 10, 2024) (quoting *Green v. Capri*, No. 9:17-CV-392, 2018 WL 2452623 *4 (N.D.N.Y. May 31, 2018)); *see also Collins v. Artus*, 496 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) (holding that in order to "establish extraordinary circumstances, a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments"). Furthermore, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Ryan v. Griffin*, No. 9:10-CV-395, 2011 WL 6934269, *4 (N.D.N.Y. Dec. 30, 2011) (quoting *Valverde*, 224 F.3d at 134). Accordingly, Magistrate Judge Lovric correctly concluded that Petitioner has failed to establish extraordinary circumstances or a causal connection. *See* Dkt. No. 18 at 7-12.

Moreover, as Magistrate Judge Lovric observed, Petitioner filed "two civil rights suits . . . during the relevant time period," both of which alleged the same "type of official misconduct that he claims prevented him from filing this habeas petition." Dkt. No. 18 at 9. That Petitioner was able to "file those suits but was completely unable to file a habeas petition during that same time" runs counter to the existence of a causal connection between the alleged misconduct and the untimely filing. *Id.* at 9-10. Indeed, courts have found that such contradictions "belie . . . argument[s] . . . [for] equitable tolling of the statute of limitations under the AEDPA." *Wright v. Superintendent*, No. 9:12-CV-1861, 2016 WL 8346523, *7 (N.D.N.Y. Dec. 16, 2016).

Accordingly, the Court agrees with Magistrate Judge Lovric that Petitioner's "generic claims of misconduct against prison officials" are insufficient to establish the extraordinary circumstances necessary for equitable tolling.  Dkt. No. 18 at 8-9.

### 2. Mental Health

Magistrate Judge Lovric next addressed Petitioner's assertion that his mental health issues require the Court to toll the statute of limitations.  *See* Dkt. No. 18 at 10.  The "rare and exceptional circumstances" in which equitable tolling has been applied include instances of "serious physical or mental illness which prevents [a] petitioner from filing, or where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired." *Everson v. Wolcott*, No. 9:22-CV-95, 2022 WL 22745953, *5-6 (N.D.N.Y. Sep. 26, 2022), *R. & R. adopted*, 2024 WL 1596864 (N.D.N.Y. Apr. 12, 2024) (quoting *Garcia v. Portuondo*, 334 F. Supp. 2d 446, 458-59 (S.D.N.Y. 2004)).  Indeed, "mental illness does not toll a filing deadline *per se*; determining whether equitable tolling is warranted in a given situation is a 'highly case-specific inquiry.'" *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (quoting *Brown v. Parkchester S. Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002).  A party seeking equitable tolling on the basis of mental illness bears the "burden of demonstrating [its] appropriateness" by providing a "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Id.* (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Here, as Magistrate Judge Lovric correctly concluded, Petitioner's invocation of depression, "the loss of [his] mother's [four] siblings," and a "constant fear" of losing his loved ones do not alone establish the extraordinary circumstances required for equitable tolling.  Dkt. No. 7 at 2; Dkt. No. 18 at 10-11; *see also Griffin v. Doe*, 71 F. Supp. 3d 306, 312 (N.D.N.Y.

2014).  As this Court has previously acknowledged, similar bases for equitable tolling have been "routinely rejected."  *Griffin*, 71 F. Supp. 3d at 312 (collecting cases).  Similarly, Petitioner has neither provided evidence of his mental illness nor explained the extent to which it affected his ability to file the petition in a timely manner.  *See* Dkt. No. 18 at 11; *Griffin*, 71 F. Supp. 3d at 312.  Indeed, as Magistrate Judge Lovric noted, Petitioner has failed to "describe with any specificity the nature of these mental health issues, nor explain how they prevented him from meeting the filing deadline."  Dkt. No. 18 at 11.  As such, the Court agrees that Petitioner is ineligible for equitable tolling on the basis of his mental health.

**C.    Lack of Legal Knowledge and Remaining Explanations**

Magistrate Judge Lovric correctly determined that Petitioner's argument that he is "a lamin [sic] of the law" is unavailing.  Dkt. No. 7 at 1; *see* Dkt. No. 18 at 4.  Indeed, "arguments that [a] petitioner was a layman and unskilled in the law" have consistently been found to be . . . insufficient to constitute the extraordinary circumstances necessary for equitable tolling.  *Bemiss v. Superintendent*, No. 9:23-CV-1249, 2024 WL 4804587, *7 (N.D.N.Y. June 24, 2024), *R. & R. adopted*, 2024 WL 4802840 (N.D.N.Y. Nov. 15, 2024); *see Phillips v. Lavalley*, No. 10-CV-997, 2012 WL 443856, *10 (W.D.N.Y. Feb. 10, 2012) ("A *pro se* litigant's misunderstanding of the law regarding the statute of limitations does not constitute 'extraordinary or unusual circumstances' preventing him from filing a timely petition").  Magistrate Judge Lovric correctly acknowledged that "there is nothing extraordinary about a *pro se* habeas litigant being inexperienced in the law."  Dkt. No. 18 at 12 (emphasis added).

Petitioner's claims of ineffective assistance of counsel also fail to toll the limitations period.  *See* Dkt. No. 18 at 12.  In his affirmation, Petitioner states, "Although I am no attorney[,] I feel that my attorney was ineffective and his performance during my pre-trial hearings [is] the

main factor [in] the reason why I took a plea bargain." *See* Dkt. No. 7 at 4. This does not constitute the "extraordinary circumstances" required for equitable tolling. *See Valverde*, 224 F.3d at 134. The Second Circuit has held that "[a]ttorney error is, usually . . . 'inadequate to create the "extraordinary" circumstances equitable tolling requires.'" *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023) (noting that "[i]n the § 2244(d)(1) context, the Supreme Court has expressly rejected the argument that a petitioner's counsel's 'mistake in miscalculating the limitations period entitles [the petitioner] to equitable tolling'" (alteration in original) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007))). Thus, Petitioner's subjective belief that his attorney was ineffective is insufficient to warrant equitable tolling.

This Court, therefore, finds no clear error in Magistrate Judge Lovric's conclusion that Petitioner's arguments regarding his lack of legal knowledge and ineffective assistance of counsel do not allow for equitable tolling of the filing deadline.

## D.    Equitable Exception

Lastly, Petitioner appears to invoke actual innocence as a basis for equitable tolling. *See* Dkt. No. 1 at 5; Dkt. No. 7 at 5. While "[c]ourts have . . . recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence," *May v. Corey*, No. 9:22-CV-731, 2023 WL 5611638, *5 (N.D.N.Y. Aug. 14, 2023), *R. & R. adopted*, 2023 WL 5612427 (N.D.N.Y. Aug. 30, 2023) (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)), the Second Circuit has recognized that meritorious actual innocence claims comprise a "narrow class of 'truly extraordinary' cases [that] consist[] of those presenting credible and compelling claims of actual innocence," *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019). As Magistrate Judge Lovric observed, Petitioner only makes a bare assertion that he is innocent of the state court charges and introduces no evidence showing factual

innocence.  *See* Dkt. No. 18 at 15.  As such, Petitioner has failed to meet this "demanding and rarely met" standard.  *Hyman*, 927 F.3d at 662.

For the aforementioned reasons, the petition is dismissed as time barred.

**E.    Certificate of Appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides in relevant part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2553(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  Petitioner has failed to make such a showing with regard to any of his claims, and the Court declines to issue a Certificate of Appealability in this matter.

## II. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 18) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Petitioner's petition (Dkt. No. 1) and affirmation (Dkt. No. 7) be **DENIED and DISMISSED** in their entirety; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

11

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  April 27, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

12